THE STATE OF NEW HAMPSHIRE

STRAFFORD COUNTRY                                        SUPERIOR COURT
                                                         219-2019-CV-00058

Francis Ouellette,

v.

Ron Currier's Hilltop Chevrolet

## COMPLAINT

## JURY TRIAL DEMANDED

## PRELIMINARY STATEMENT

1. Plaintiff, Francis Ouellette, brings this civil action through his counsel Nixon, Vogelman, Slawsky & Simoneau, against his former employer, Ron Currier's Hilltop Chevrolet, seeking relief for the defendant's violation of the Americans with Disabilities Act, 42 U.S.C §12101, *et seq.*, and violations of additional state laws, including NH RSA 354-A. Plaintiff, Francis Ouellette, seeks compensatory damages, the awards of costs, interest and attorney's fees, and such other relief as the law allows and this Court deems equitable, just and appropriate.

## PARTIES

2. The plaintiff, Francis Ouellette, is a citizen of the State of New Hampshire and resides in Dover, New Hampshire, and has a mailing address of PO Box 26, Dover, New Hampshire 03821. Mr. Ouellette suffers from chronic severe depression, attention deficit disorder/hyperactivity and anxiety disorder. Mr. Ouellette is, and at all times relevant to this action was, a qualified individual with disabilities under the definitions of the American with Disabilities Act.

3. The defendant, Ron Currier's Hilltop Chevrolet, is a corporation doing business at Hilltop Chevrolet at 385 Route 108, Somersworth, NH 03879. The plaintiff worked at Hilltop's Somersworth facility.

4. Jurisdiction is proper as defendant, Ron Currier's Hilltop Chevrolet, was at all relevant times, a business doing business in New Hampshire and has, at all relevant times, more than 15 employees for each working day in each of twenty or more calendar weeks in the calendar of or proceeding the actions alleged in the complaint.

## PROCEDURAL BACKGROUND

5. On April 12, 2018, Mr. Ouellette filed a Charge of Discrimination with the New Hampshire Commission for Human Rights which began an investigation.

6. Six months having past at the Human Rights Commission, plaintiff has now removed the case to this Court in accordance with New Hampshire RSA 354-A:21-a requesting a trial by jury.

## FACTS

7. Mr. Ouellette started working for Ron Currier's Hilltop Chevrolet ("Hilltop") on February 2, 2017. Ouellette was hired as a sales and leasing consultant.

8. Mr. Ouellette suffers from chronic severe depression, attention deficit disorder/ hyperactivity, and anxiety disorder

9. Upon his hire, Ouellette disclosed his disability and provided supporting documentation to his employer.

10. Since the start of his employment, Hilltop was aware of the nature of Ouellette's disability.

11. On March 3, 2018, Ouellette was working on the sales floor when he was approached by general sales manager Kevin Shevelin and floors sales manager Aaron Goodwin and directed into a private office. Without engaging in any meaningful conversation. the

manages slid two separate warnings of termination across a desk towards Ouellette and told him to sign.

12. These disciplinary warnings were based on supposed "tardiness." Despite being his first warning, he was told he would be terminated immediately if ever tardy or absent again.

13. On information and belief, this was the first time these "write up" forms had been used with an employee at Hilltop. These forms were created in concert with one another and pre-filled before the meeting.

14. During this meeting Ouellette verbally requested a reasonable accommodation to aid in alleviating his tardiness.

15. In response to his request, Shevelin responded "its almost as though you insist on pissing on your employer's shoes" and told Ouellette "you act like you're above everyone else and better than everyone when you don't show up on time."

16. The next day, on March 4, Ouellette submitted a written request for accommodation to Shevelin, as Ouellette's disability made early morning arrival difficult.

17. When Shevelin received Ouellette's written accommodation request he accused Ouellette of "making it up" or "doing it on purpose."

18. Three days later, on March 7, 2018, Ouellette obtained a doctor's note from APRN Irzyk stating Ouellette was a patient at Wentworth Health Partners and requesting a more flexible starting time as a reasonable accommodation.

19. Ouellette then sent the doctor's note to both Shevelin and Goodwin.

20. Five days past with no response, so, on March 12, 2018, Ouellette filed an initial complaint inquiry with the EEOC. After sending in the inquiry, Goodwin finally adjusted Ouellette's schedule for the remainder of March, allowing an hour later start time.

21. Ouellette requested two days off to move into a new home. The time off was approved by Goodwin.

22. Then, six days following Ouellette's inquiry at the EEOC, Ouellette was terminated due to an "unexcused absence" on March 18, 2018.

23. Hilltop discriminated against Ouellette due to his disability and failed to provide reasonable accommodation.

24. Hilltop retaliated against Ouellette due to his disability and his requests for accommodation.

25. Ouellette has suffered financial and emotional harm as a result of the discrimination. Ouellette was harassed, ridiculed, intimidated and humiliated by his supervisors due to his disability and accommodation requests. Ouellette suffered lost wages due to his unlawful termination.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT, 42 § USC 12101 *et seq*.

26. Plaintiff re-alleges and incorporates by reference the allegations of facts in each preceding paragraph.

27. Mr. Ouellette's disabilities include chronic severe depression, attention deficit disorder/ hyperactivity and anxiety disorder. Therefore, he is an individual with a disability under Title I of the Americans with Disabilities Act and entitled to the protections of the act. 42 U.S.C. §12102(1)(A). The ADA recognizes both physical and metal impairments and defines a "qualified individual" is one who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds." 42 U.S.C. §12111 (8). Mr. Ouellette could perform the essential functions of his job.

28. The Americans with Disabilities Act prohibits employers, like Hilltop, from discriminating against qualified individuals with a disability. 42 U.S.C. §12112(a).

29. Under the American's with Disabilities Act, unlawful discrimination includes "not making reasonable accommodations to the known physical or mental limitation of an otherwise qualified individual with a disability who is an … employee" 42 U.S.C. §12112(b)(5)(A).

30. As Hilltop was aware, or should have been aware, failing to provide a reasonable accommodation might violate the plaintiff's civil rights, Hilltop's discriminatory actions, as described above, were, and are, intentional.

31. The intentional refusal of Hilltop to provide and carry out the reasonable accommodations requested by the plaintiff for his chronic severe depression, attention deficit disorder/ hyperactivity and anxiety disorder, Hilltop Violated the ADA, thereby entitling Mr. Ouellette to all remedies available under federal law, including compensatory damages, punitive damages, costs and attorney's fees.

### COUNT II: VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT, RETALIATION 42 § USC 12101, §12203 *et seq*.

32. Plaintiff re-alleges and incorporates by reference the allegations of facts in each preceding paragraph.

33. As an individual with a disability under Title I of the Americans with Disabilities Act and entitled to the protections of the act, which includes protection from retaliation. 42 U.S.C. §12203.

34. The ADA prohibits employers, like Hilltop, from discriminating against any individual because "such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. §12203 (a).

35. Mr. Ouellette filed an inquiry at the EEOC prior to his termination, after requesting a reasonable accommodation, and after being harassed, humiliated and intimidated because of his disability.

36. The defendant, Hilltop, violated the ADA by retaliating against plaintiff, terminating him for requesting a reasonable accommodation and filing a complaint at the EEOC.

37. Hilltop's violation of the ADA entitles Mr. Ouellette to all remedies available under federal law, including compensatory damages, punitive damages, costs and attorney's fees.

## COUNT III: DISCRIMINATION IN VIOLATION OF
## NH RSA 354-A (Disability)

38. Plaintiff re-alleges and incorporates by reference the allegations of facts in each preceding paragraph.

39. Defendant and defendant's employees knew, or should have known, about Mr. Ouellette's disability.

40. Defendant's employees discriminated against Mr. Ouellette by allowing, witnessing, or participating in harassment due to plaintiff's disability.

41. Defendant's interfered with Mr. Ouellette's work performance by creating a hostile environment where Mr. Ouellette was harassed, intimidated and humiliated because of his disability.

42. Defendant's knew or should have known about this harassment.

43. Defendant's failed to take adequate steps to prevent, rectify, or address the harassment.

44. Furthermore, the defendant's failed to accommodate the plaintiff's disability after multiple requests and notes from Ouellette's doctor.

45. Defendant's failed to train supervisors, managers and employees on disability discrimination.

46. Defendant's terminated Mr. Ouellette because of his disability.

47. As a result of defendant's violation of RSA 354-A:7, Mr. Ouellette suffered damages, including but not limited to, past lost wages, medical bills, lost employment benefits, humiliation, emotional distress, inconvenience and loss of enjoyment of life.

### COUNT IV: RETALIATION NH RSA 354-A

48. Plaintiff re-alleges and incorporates by reference the allegations of facts in each preceding paragraph.

49. Plaintiff engaged statutorily protected activity when he requested a reasonable accommodation for to his disability.

50. After requesting the accommodation and then receiving no response for five days, the plaintiff further engaged in protected activity by filing an inquiry at the EEOC.

51. As a direct response to this protected activity, defendant terminated plaintiff.

52. The defendant's action in terminating the plaintiff because of his disability was wonton, willful and malicious.

53. The plaintiff's termination and his protected activity are causally connected as evidenced by the time period in which they occurred, the nature of his termination, and the facts previously alleged.

54. As a result of defendant's violation of RSA 354-A:7, Mr. Ouellette suffered damages, including but not limited to, past lost wages, lost employment benefits, humiliation, emotional distress, inconvenience, enhanced compensatory damages and loss of enjoyment of life.

### COUNT V: RESPONDEAT SUPERIOR

55. Plaintiff re-alleges and incorporates by reference the allegations of facts in each preceding paragraph.

56. The conduct alleged above by the agents, employees, officers and manages of Hilltop occurred during the course and scope of their duties and functions as agents and employees of the defendant, Hilltop, and as a result, Hilltop is liable to the plaintiff pursuant to the sate common law doctrine of *respondeat superior*.

WHEREFORE, plaintiff respectfully prays that this Court grant the following relief against the defendant:

    A. Schedule a trial by jury;

    B. Enter a judgment in favor of plaintiff Francis Ouellette awarding any and all relief available under the law to the maximum extent allowed by common law, state and federal statutes, and the Constitution of New Hampshire and the United States of America, including but not limited to, the following:

        a. Compensatory damages;

        b. Enhanced Compensatory Damages;

        c. Reasonable costs, interest and attorney's fees; and

    C. Award any and all other relief that may be just, necessary and appropriate.

Respectfully Submitted,
FRANCIS OUELLETTE

By His Attorneys,
NIXON, VOGELMAN, SLAWSKY &
SIMONEAU, P.A.

Date:   February 4, 2019          By:     /s/  Kirk C. Simoneau
                                                         Kirk C. Simoneau, Esq. (NH BAR #19291)
                                                         77 Central Street
                                                         Manchester, NH 03101
                                                         (603) 669- 7070
                                                         ksimoneau@davenixonlaw.com